J. F. Noll, Trustee, Respondent, v. Harrison County Bank et al., Appellants.*

Kansas City Court of Appeals.   December 17, 1928.

---

*Corpus Juris-Cyc References: Accord and Satisfaction, 1CJ, section 40, p. 540, n. 74; Appeal and Error, 3CJ, section 629, p. 735, n. 54.

*Randall Wilson* for respondent.

*L. M. Hyde* for appellant.

BLAND, J.—This proceeding grows out of a sale of hogs by the holder of a junior lien thereon and upon which plaintiff held a superior lien. There was a judgment in favor of plaintiff in the sum of $765.84 and that said sum be classified as a preferred claim against the assets of the defendant, Harrison County Bank, in the hands of its liquidating agent, the defendant, J. W. Wilson, Special Deputy Commissioner of Finance.

The facts show that on the 17th day of June, 1924, U. A. Towns & Son, farmers and stock raisers in Harrison county, gave a note and chattel mortgage securing the same, to the defendant, Harrison County Bank, on certain hogs and other property. The note was in the sum of $500, signed by the mortgagors, payable six months after date to the mortgagee or order and bore interest at the rate of eight per cent per annum. On or about April 27, 1926, the bank, while a going concern, transferred the indebtedness of various persons, evidenced by their promissory notes, to its board of directors, six in number. Among this indebtedness were said note and chattel mortgage. On said 27th day of April these six persons entered into a written agreement, reciting that they held these notes in trust to collect the same, apply the proceeds toward the payment of a note of $20,000, which they had given to one Dunn, and that the balance of the proceeds from the collection of said notes, after paying Dunn, should be returned to the defendant bank and "be credited to the undivided profits account of said bank." The agreement further recited that "we hereby select Joseph F. Noll as trustee to receive, renew and collect said notes and dispose of the proceeds thereof as above provided." The Towns note and chattel mortgage were thereafter delivered to plaintiff.

On the 24th day of September, 1926, U. A. Towns & Son gave to the bank a second chattel mortgage upon the property in question. On April 16, 1927, the bank, by order of its board of directors, closed its doors and placed its affairs in charge of the defendant, S. L. Cantley, Commissioner of Finance, for the purpose of liquidation. One Shelby, bank examiner under Cantley, took charge of the assets. A few days thereafter Shelby talked to plaintiff, attempting to sell him the mortgaged hogs then on Towns' farm. They had two or three conversations. It appears that Shelby had advanced money to Towns to purchase feed and he desired to sell some or all of the hogs. Plaintiff advised Shelby that he was the holder of a chattel mortgage on the property but Shelby claimed that the bank had a chattel mortgage on it. Thereafter Shelby shipped forty-nine head of the hogs to St. Joseph and there sold them. When the money from the sale of these hogs, amounting to $765.84, was received by Shelby, plaintiff demanded it of him, but Shelby claimed it under the bank's mortgage. Shelby then examined the records and found that the

bank's mortgage was a second mortgage and that plaintiff had the first. Shelby became angry and demanded that the then board of directors of the bank release to the bank any claims that they might have to the money. It appears that the board of directors of the bank had changed from those who were in office at the time the trust agreement was executed. However, Shelby procured the signatures of all of those, or their agents, who were directors of the bank at the time the trust agreement was signed, with the exception of plaintiff. It seems that he obtained this release from them by means of a threat wherein something was said of prosecution of the directors if the loan "was excessive under the statute." Plaintiff was present at the time the release was executed but refused to sign it himself.

After these transactions, there being other hogs covered by plaintiff's chattel mortgage on the Towns farm, plaintiff took possession of them under his chattel mortgage and sold them and some other property covered by his mortgage. Towns took away some of the hogs himself and brought back some of those that he took away and sold the others. The ones that were brought back arrived on the day of plaintiff's sale and were sold by him. At any rate, plaintiff received from his sale and from Towns the total sum of $907.25. The record recites that "$100 of the total $907.25 being paid in settlement and discharge of the mortgage after said sale." Plaintiff testified that after the receipt of said sum of $907.25, he turned over the note to Towns "and made a settlement in full of the $5500 note."

It appears that the money received by Shelby for the forty-nine head of hogs that he sold, was turned over to the bank and is now in the hands of the defendant, J. W. Wilson, Deputy Finance Commissioner, in charge of the bank. After these transactions, plaintiff filed a claim with Wilson, in the latter's official capacity, who rejected it and plaintiff brought this suit. There was a trial before the court without the aid of a jury, resulting in a judgment in favor of plaintiff as aforesaid. There is no point made as to the form of this action but it is claimed that upon the merits the court erred in rendering judgment in favor of plaintiff and in not rendering judgment in favor of the defendant.

It is first insisted that the forty-nine head of hogs sold by Shelby were not shown at the trial as having been covered by plaintiff's chattel mortgage. We think there is no merit in this contention. While there was no specific testimony on the question, the record shows that this was not a contested point. It fairly discloses that it was admitted at the trial that said forty-nine head of hogs were covered by both mortgages, of which plaintiff's was the superior.

It is claimed that the settlement made by plaintiff to Towns after the foreclosure proceedings was "in full settlement of the note;" that the note was delivered to Towns by plaintiff and the amount

paid "was received in settlement and discharge of the mortgage securing the note;" that the other five parties to the agreement of April 27, 1926, appointing plaintiff as trustee, ratified the transaction by executing the release to the bank, thus ratifying the act of plaintiff in making settlement with Towns, and that plaintiff was not entitled to recover.

It is true, as claimed by the defendants, that a discharge of a debt extinguishes the chattel mortgage securing the same and that upon the payment of the debt secured by a first mortgage, the second mortgage becomes *eo instante* a prior lien and entitled the holder thereof to recover possession of the property. [11 C. J., p. 674.] However, the settlement with Towns made by plaintiff was made after the maturity of the note secured by the first mortgage and said settlement amounted to no more than a part payment of the debt. It is well settled that payment of a part of a debt does not discharge the whole. Part payment operates only as a discharge *pro tanto* in the absence of a consideration for the release of the residue. [8 C. J. 580; 1 C. J. 539-541; 11 C. J. 676; Witherington v. Phillips, 70 N. C. 444.] The case of Finks v. Buck, 27 S. W. 1094, cited by defendants, involved the rights of a party which came into existence after the payment of a part of the note and its surrender without the knowledge of such party of the facts.

The judgment is affirmed. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.